United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30287
Summary Calendar

CALVIN WALKER

Plaintiff - Appellant

v.

PAMELA HORNE, Individually and in her
official capacity

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-44
--------------------

Before KING, Chief Judge, and SMITH and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Calvin Walker, Louisiana prisoner # 407257, appeals from the

district court's dismissal with prejudice of his 42 U.S.C. § 1983

civil rights complaint as frivolous and for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  Walker

argues that the deprivation of his watch and wedding band

constituted a due process and equal protection violation as well

as cruel and unusual punishment.  He has abandoned on appeal his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument that the appellee's actions constituted malfeasance in office and armed robbery and that he is entitled to injunctive relief.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Pursuant to § 1915(e)(2)(B), a district court "shall" dismiss a case if it determines that the case is frivolous or fails to state a claim upon which relief can be granted.  A dismissal as frivolous under § 1915(e)(2)(B) is reviewed for abuse of discretion, while a dismissal under that statute for failure to state a claim is reviewed de novo.  Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir.), cert. denied, 537 U.S. 1049 (2002).

Even employing a de novo standard of review, Walker fails to establish a constitutional violation with respect to his claims. Walker's due process argument fails because Louisiana provides a post-deprivation remedy for property loss.  See Parratt v. Taylor, 451 U.S. 527, 541-44 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984); LA. CIV. CODE ANN. art 2315 (West 1997). Walker argues that he did not follow the proper post-deprivation procedures due to ineffective assistance of inmate counsel.  This argument will not be considered for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Walker's equal protection challenge fails on the ground that it is conclusional in nature.  See Koch v. Puckett, 907 F.2d 524,

530 (5th Cir. 1990). Walker does not allege facts to support a claim of cruel and unusual punishment. His allegation that the appellee forcefully removed his property raises only a de minimus use of force. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

Walker's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; see also Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). In Walker v. Louque, No. 99-31026 (5th Cir. Apr. 12, 2000) (unpublished), this court dismissed a prisoner civil rights appeal by Walker and issued a 28 U.S.C. § 1915(g) sanctions warning. With this court's dismissal of the instant appeal, Walker has now accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Walker is now barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.