United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20637
Summary Calendar

CLARENCE W BILBREW

Plaintiff - Appellant

v.

WRIGHT, Mr. BWR 8978; MARK CLARKE, Captain; BRENDA CHANEY,
Senior Warden; DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; CHRIS
KOENIG, Manager

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3500
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Clarence W. Bilbrew, Texas prisoner # 882188, appeals the

district court's dismissal of his 42 U.S.C. § 1983 suit for

failure to state a claim. Bilbrew argues that the district court

improperly construed his suit and erred by rejecting his myriad

claims.

Bilbrew contends that the district court erred in dismissing

his retaliation claims. The district court did not err by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing Bilbrew's retaliation claims. Bilbrew failed to allege facts from which retaliation could plausibly be inferred. See Jones v. Greninger, 188 F.3d 322, 325. Bilbrew has shown no error in this regard.

Bilbrew also argues that: (1) he had no major disciplinary infractions prior to the time he filed lawsuits; (2) the actions taken by the defendants were not related to a legitimate penalogical interest; and (3) state prison rules bestowed upon him the right to purchase legal and medical supplies at the prison commissary. We do not consider these arguments as they are raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

We turn next to Bilbrew's claim of deliberate medical indifference. Assuming arguendo that Bilbrew's skin irritations are a serious medical condition, he still failed to state a claim of Eighth Amendment deliberate indifference because he failed to allege any facts indicating any infliction of pain that is repugnant to the conscience of mankind. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Bilbrew has shown no error in connection with the district court's dismissal of his deliberate indifference claim.

Bilbrew maintains that the district court failed to construe his complaint as including a claim of conspiracy. Although Bilbrew did allege that there was a conspiracy against him, he did so only in the most conclusional terms. His bald allegations

were insufficient to prevail on a claim of conspiracy.  See Lynch
v. Cannatella, 810 F.2s 1363, 1369-70 (5th Cir. 1987).

Bilbrew's contention that the district court erred in
dismissing his complaint sua sponte without requiring the
defendants to answer is without merit.  See 28 U.S.C.
§ 1915(e)(2)(B); Black v. Warren, 134 F.3d 732, 733 (5th Cir.
1998).  His contention that the district court dismissed his case
simply because it found his allegations is frivolous and
unsupported by the record.

Bilbrew has not shown any error regarding the district
court's dismissal of his complaint for failure to state a claim.
His appeal lacks arguable merit and is therefore dismissed as
frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215,
219-20 (5th Cir. 1983).  This court's dismissal of this appeal
counts as a strike for purposes of 28 U.S.C. § 1915(g).  See
Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Bilbrew
has had at least two other civil actions dismissed as frivolous.
See Bilbrew v. Laird, No. H-05-2071 (S.D. Tex. Nov. 8, 2005);
Bilbrew v. Washington, No. H-04-2156 (S.D. Tex. Nov. 18, 2004).
Bilbrew thus has three strikes under § 1915(g).  See Adepegba,
103 F.3d at 388.  Bilbrew may no longer proceed in forma pauperis
in any civil action or appeal filed while he is incarcerated or
detained in any facility unless he is under imminent danger of
serious physical injury.  See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.