United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20951
Summary Calendar
_____

CLARENCE W. BILBREW,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; DOUG DRETKE; J. P.
GUYTON; ROBERT CHANCE, Senior Warden Central Unit; TOMMIE
HAYNES, Assistant Warden Central Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1598
--------------------

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Clarence W. Bilbrew, Texas prisoner # 882188, filed a 42
U.S.C. § 1983 complaint, which was dismissed by the district
court as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
Bilbrew filed a timely notice of appeal, and he has requested a
certificate of appealability (COA).  Bilbrew's COA motion is
denied as unnecessary.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bilbrew argues that the confiscation of his personal property constituted a breach of state and federal law. He maintains that prisoners who are engaged in federal litigation are entitled, as a class, to First Amendment protections with regard to person and property. He also maintains that, as a rule, prisoners who are engaged in federal litigation are unconstitutionally injured when evidence relating to pending litigation is not maintained for safekeeping. We decline to consider any of these arguments because they are raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Bilbrew argues that the district court abused its discretion in dismissing his complaint prior to service upon the defendants and without allowing Bilbrew to conduct discovery. The district court was authorized to issue a sua sponte dismissal order, and it was not required to allow discovery prior to doing so. See § 1915(e). Bilbrew's argument that his complaint would not have been dismissed if he had been allowed to make more specific pleadings and his contention that the district court failed to review the evidence are frivolous and unsupported by the record.

Bilbrew challenges the district court's denial of his motion to stay the proceedings. However, by failing to challenge the district court's reasons for denying that motion, Bilbrew has abandoned the issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

A dismissal as frivolous under § 1915(e)(2)(B) is reviewed for an abuse of discretion.  <u>Newsome v. EEOC</u>, 301 F.3d 227, 231 (5th Cir. 2002).  A complaint is frivolous if it lacks "an arguable basis in law or fact."  <u>Id.</u>  Bilbrew argues that the district court erred in dismissing his claim that prison officials retaliated against him for his use of the prison grievance system.  His allegations in the district court, however, were based on his own personal beliefs and were insufficient to give rise to a retaliation claim.  <u>See</u> <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 310 (5th Cir. 1997); <u>Whittington v. Lynaugh</u>, 842 F.2d 818, 819-21 (5th Cir. 1988).

Bilbrew challenges the district court's dismissal of his claim that he was deprived of his property without due process of law.  However, because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, Bilbrew may not raise this claim in this § 1983 action.  <u>See</u> <u>Murphy v. Collins</u>, 26 F.3d 541, 543-44 (5th Cir. 1994); <u>Sheppard v. Louisiana Bd. of Parole</u>, 873 F.2d 761, 763 (5th Cir. 1989); <u>Aguilar v. Chastain</u>, 923 S.W.2d 740, 743-44 (Tex. Ct. App. 1996).  Moreover, contrary to Bilbrew's assertion, the failure of individual prison officials to follow the prison's administrative rules with regard to the taking and handling of prisoner property did not, without more, raise a constitutional issue.  <u>See</u> <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996).

The district court dismissed Bilbrew's claims of deliberate medical indifference as frivolous because they were wholly conclusional. Bilbrew's appellate argument in this regard is likewise fatally vague. He has thus failed to show that the district court erred in dismissing this claim. His challenge to the district court's dismissal of his conspiracy claim is similarly doomed by his failure to provide any specific facts to support his contention that the district court failed to examine his evidentiary proffers.

Bilbrew has not shown any error regarding the district court's dismissal of his complaint as frivolous. His appeal lacks arguable merit and is therefore dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Bilbrew is reminded that he is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Bilbrew v. Wright, No. 05-20637 (5th Cir. Dec. 14, 2006)(decided after the notice of appeal in the instant case). We caution Bilbrew to review all pending appeals and to withdraw any that are frivolous.

COA DENIED AS UNNECESSARY; APPEAL DISMISSED.