**T. Michael QUIGLEY, Appellant,**

v.

**Robert BENNETT, Appellee.**

No. 04–04–00312–CV.

Court of Appeals of Texas, San Antonio.

Feb. 13, 2008.

Lance K. Bruun, Law Offices of Lance K. Bruun, Kathryn F. Green, Audrey Mullert Vicknair, Law Office of Audrey Mullert, Corpus Christi, Craig T. Enoch, Winstead P.C., Austin, TX, for Appellant.

James T. Clancy, Jr., Branscomb, P.C., Frank E. Weathered, Dunn, Weathered, Coffey, Rivera, Kasperitis & Rodriguez, Corpus Christi, TX, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

This appeal is on remand from the Texas Supreme Court. *See Quigley v. Bennett,* 227 S.W.3d 51, 55 (Tex.2007). After thoroughly considering the issues on remand, we reverse and render in part and reverse and remand in part. We reverse the trial court's judgment as to Robert Bennett's quantum meruit and conversion claims and render judgment that Bennett take nothing from T. Michael Quigley on these claims. We further reverse the trial court's judgment as to Bennett's fraud claim and remand for a new trial on this claim.

### BACKGROUND

On original submission, this court, based in part on Quigley having told Bennett "well do us a favor, work what you can ... and I'll pay you for your time doing it," determined that Quigley had an agreement with Bennett for Bennett to provide him with geological services, affirmed the judgment on Bennett's fraud claim, and declined to address the propriety of the jury's quantum meruit and conversion

findings. *Id.* at 53–54. We held that the fraud damages question submitted an improper measure of damages but Quigley did not object to the submission; Quigley did not preserve error as to the proper measure of damages; and there was evidence to support the jury's fraud damages finding based on the charge submitted. *Id.* at 54.

The supreme court granted Quigley's petition for review and determined that evidence of the value of a royalty interest, which is what Bennett sought as his compensation for his services, "cannot be given any weight or effect and legally cannot be considered as evidence" supporting the jury's $1 million fraud damages finding. *Id.* The court reasoned that allowing Bennett to recover damages based on the value of a royalty interest would violate the statute of frauds under the circumstances of this case. *Id.* While the court refused to consider evidence of the value of a royalty interest as support for the jury's fraud damages finding, the court acknowledged that the record contains testimony as to the cash-based compensation of a geologist. *Id.* Although the court recognized the testimony regarding the cash-based compensation of a geologist is some evidence of the value of Bennett's work, it concluded such testimony was legally insufficient to support the entire $1 million fraud damages finding. *Id.* The supreme court therefore reversed the judgment of this court and remanded the cause to this court for consideration of parties' remaining issues and contentions. *Id.* at 55.

### DISCUSSION

The central issue on remand is whether the statute of limitations bars Bennett's ability to recover under quantum meruit for the geologic services he furnished to

Quigley.[1] Quigley contends there is no evidence to support the jury's findings on this issue. According to Quigley, the record conclusively establishes as a matter of law that Bennett's claim for payment accrued when Bennett completed his services in April 1997 and, because Bennett did not file suit until February 2002, the four-year statute of limitations bars his quantum meruit claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002). Bennett responds that the discovery rule and fraudulent concealment doctrine deferred the accrual of his quantum meruit claim until sometime between April 1998 and August 2001. Thus, Bennett maintains his quantum meruit claim is not barred by limitations because he had until at least March 2002 to bring his claim.

▆▆▆▆ "Statutes of limitations are intended to compel plaintiffs to assert their claims 'within a reasonable period of time while the evidence is fresh in the minds of the parties and witnesses.'" *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex.2001) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996)). "As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex.2003). In most circumstances, "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.*

▆▆▆▆ The discovery rule exception to the statute of limitations operates to defer accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Computer Assocs.*, 918 S.W.2d at 455. The application of the discovery rule is permitted only in "those cases where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* at 456. "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown*, 58 S.W.3d at 734–35. "The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances where 'it is difficult for the injured party to learn of the negligent act or omission.'" *Computer Assocs.*, 918 S.W.2d at 456 (quoting *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1988)).

▆▆▆▆ Similarly, the doctrine of fraudulent concealment defers the accrual of a cause of action until the plaintiff discovers or should have discovered the deceitful conduct or facts giving rise to the cause of action. *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex.1999). The fraudulent concealment doctrine defers the accrual of a cause of action because "a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex.1996). For the doctrine to apply, the plaintiff must prove the defendant: (1) had actual knowledge of the wrong; (2) had a fixed purpose to conceal the wrong; and (3) did conceal the wrong

---

1. Although Quigley has also challenged on appeal the jury's finding that he converted Bennett's property, we need not address this issue in detail on remand since Bennett has conceded that he is precluded from recovering on his conversion claim due to limitations. *See Quigley*, 227 S.W.3d at 53 n. 3. Quigley's no evidence challenge to Bennett's conversion claim is therefore sustained.

from the plaintiff. *See Shah v. Moss*, 67 S.W.3d 836, 841 (Tex.2001).

 It is undisputed by the parties that the statute of limitations for a quantum meruit claim is four years. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.004. Having determined the action's limitations period, we must now determine when Bennett's quantum meruit claim accrued. The jury was charged with the following quantum meruit limitations question: "When was the last date Plaintiff Robert Bennett performed compensable work for Defendant T. Michael Quigley?" The jury answered April 1998 in response to this question. Thus, if there is any evidence to support the jury's April 1998 finding, *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005) (setting forth the scope of review applicable to a no evidence challenge), Bennett's quantum meruit claim, which he filed in February 2002, was timely because he had four years from April 1998, or until March 2002, to file his claim.

The record shows that Bennett spent three or four days in April 1997 preparing maps and graphs of the Samano leases for Quigley for a sales presentation to Louis Drefus Natural Gas. Drefus decided not to purchase the leases, and Quigley kept the maps Bennett had prepared of the leases. After Drefus passed on purchasing the leases, Quigley asked Bennett to prepare an additional "production map" of the leases. Although Bennett agreed to create the production map, Bennett never completed the map as requested.[2] Quigley continued to market the leases over the next year and, in April 1998, Coastal Oil & Gas, U.S.A., L.P. agreed to purchase the leases from Quigley. Neither Bennett nor his maps played any role in the sale of the leases to Coastal. The record further re-

veals that Bennett did not begin to seek compensation from Quigley for his April 1997 geologic services until shortly after the sale of the leases to Coastal.

 In light of the evidence presented, we are of the opinion the evidence before the jury conclusively establishes as a matter of law that the last date Bennett provided compensable services to Quigley was April 1997. The record shows that once Bennett completed his maps and graphs of the leases in April 1997, Bennett furnished no additional compensable services to Quigley after that date. Bennett admittedly did not assist Quigley with the April 1998 sale of the leases to Coastal, and the jury could not infer otherwise from the evidence before it. Because the evidence conclusively establishes the last date Bennett provided compensable services to Quigley was April 1997, and not April 1998 as found by the jury, we will sustain Quigley's no evidence challenge and hold Bennett's quantum meruit claim is barred by limitations unless the record supports Bennett's contention that the discovery rule and fraudulent concealment doctrine deferred the accrual of his claim until sometime after April 1998. *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998).

 Turning to Bennett's discovery rule contention, we do not believe the discovery rule applies. The supreme court has indicated "[a]n injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown*, 58 S.W.3d at 734–35. This question "is decided on a categorical rather than case-specific basis; the focus is on whether a type of injury rather than a

---

**2.** It is undisputed by the parties that Bennett did not intend to charge Quigley for this "pro-

duction map."

particular injury was discoverable." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex.2006). Given the nature of the injury at issue here, *i.e.*, the loss of the value of the services conferred, we believe it is inappropriate to apply the discovery rule to defer the accrual of Bennett's quantum meruit claim because nothing about this type of injury is inherently undiscoverable. *See generally Baer v. Chase*, 392 F.3d 609, 622 (3rd Cir.2004) ("[W]hile most jurisdictions have not ruled explicitly on whether the discovery rule should apply in quantum meruit cases, those that have addressed the issue have chosen not to utilize the discovery rule") *but see Wohlfahrt v. Holloway*, No. 01–99–00205–CV, 2001 WL 84212, *3 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (not designated for publication) (assuming the discovery rule applies in a quantum meruit case). Accordingly, we conclude the discovery rule does not defer the accrual of Bennett's quantum meruit claim.

 This brings us to the last aspect of our limitations discussion. As noted earlier, the fraudulent concealment doctrine defers the accrual of a cause of action in much the same way as the discovery rule. Proof of fraudulent concealment suspends the running of limitations until such time as the plaintiff discovered, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action. *Palombo v. Sw. Airlines Co.*, No. 04–05–00825–CV, 2006 WL 1993783, *3 (Tex. App.-San Antonio 2006, pet. denied) (mem. op.). The party who seeks to avoid the application of the statute of limitations on the basis of fraudulent concealment, however, has the burden to plead and secure jury findings on the issues. *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 541 (Tex. App.-San Antonio 1999, pet. denied).

Here, the record reveals Bennett failed to secure the requisite jury findings to avoid the application of limitations on the basis of fraudulent concealment. Although Bennett secured a jury finding that Quigley "fraudulently conceal[ed] from Robert Bennett that he was not going to pay Bennett the reasonable value of Bennett's compensable work, thereby causing Bennett to delay filing suit," Bennett failed to secure a finding from the jury as to the date on which he "obtained sufficient knowledge that would have required a reasonably prudent person to make inquiry that, if pursued, would lead to discovery of the concealed cause of action." *Rodessa Res., Inc. v. Arcadia Exploration & Prod. Co.*, 5 S.W.3d 363, 366 (Tex.App.-Texarkana 1999, no pet.) (discussing jury question for fraudulent concealment). Because Bennett failed to secure such finding, we cannot conclude the fraudulent concealment doctrine applies to defer the accrual of Bennett's quantum meruit claim.

## CONCLUSION

 Based on the foregoing, we hold Bennett's quantum meruit and conversion claims are barred by limitations. We therefore reverse the trial court's judgment as to these claims and render judgment that Bennett take nothing from Quigley on his quantum meruit and conversion claims. While there is no probative evidence supporting the entire amount of the fraud damages awarded by the judgment, there is evidence that Bennett suffered some damages as a result of Quigley's fraud. *Quigley*, 227 S.W.3d at 54. Thus, we reverse the trial court's judgment regarding the fraud claim and remand for a new trial on liability and damages related to this claim. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 682 (Tex.2000) (holding that where there is evidence of some fraud damages, but there is no evidence to support the full amount of damages found by the jury, remand for

a new trial is the appropriate remedy); *Playboy Enters., Inc. v. Editorial Caballero, S.A. de C.V.*, 202 S.W.3d 250, 271–72 (Tex.App.-Corpus Christi 2006, pet. denied) (same).