# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2013

No. 12-50708
Summary Calendar

Lyle W. Cayce
Clerk

ARTURO NERI PRADO,

Plaintiff - Appellant

v.

CITY OF FREDERICKSBURG POLICE DEPARTMENT; SERGEANT GORDAN DALE GIPSON, Police Sergeant; KEVIN W. CARTER, Deputy Sheriff; CLINT STEWART, Police Officer; BILLY JIVIDEN, Deputy Sheriff; MIKE COLWELL, Deputy Sheriff; ROBERT GOODRICH,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-123

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Arturo Neri Prado, Texas prisoner # 1421957, appeals the district court's dismissing his 42 U.S.C. § 1983 action as barred by *res judicata* (state-court action) or, alternatively, by Texas' statute of limitations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He does not, however, contest the *res judicata* ruling. Regarding the limitations ruling, Prado contends: his action is not time barred because it is subject to the ten-year limitations period applicable to claims brought under the Alien Tort Claims Act and the Torture Victim Protection Act; and the limitations period for his claim did not begin to run until 2007 when he learned the identities of the individuals involved in his 2003 arrest.

Because Prado fails to address *res judicata*, he has abandoned that issue. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). As a result, the dismissal stands on that basis. Accordingly, the alternative, statute-of-limitations ground for dismissal need not be reached. *E.g.*, *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

Prado's appeal lacks arguable merit and is therefore dismissed as frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. This dismissal, plus the district court's dismissing under 28 U.S.C. § 1915(e), count as two strikes under § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Prado is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.