# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40687
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2013

Lyle W. Cayce
Clerk

SHEILA BELL,

Plaintiff–Appellant

v.

CHILDREN'S PROTECTIVE SERVICES; ELIJAH BELL; JUDGE
SUZANNE SCHWAB-RADCLIFFE; S. CHRIS NALLIE-COURTNEY;
SUSAN EDMONDSON; RODNEY MOTON; OFFICE OF THE ATTORNEY
GENERAL; JOYCE WASHINGTON; CHERYL TRIPLETT; MARTHA
LIVINGSTON; RICHARD KING; CHERYL MCCARTY; JACK LAWRENCE,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-104

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellee Sheila Bell ("Bell") appeals the district court's dismissal of several federal and state law claims stemming from a state court custody matter that was concluded in 2003. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40687

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Bell and her husband, Christopher Bell, are the parents/step-parents of six children: Lennon Brown III, Jourdan Brown, Christopher Bell, Christian Bell, Anna Stasia Bell, and Elijah Bell.  In 2001, Bell's children were removed from the family home because the Texas Department of Protective and Regulatory Services[1] was concerned that the children were at risk for sexual abuse, medical neglect, and abandonment.  After a jury trial in Texas state court, during which Bell was represented by counsel, Bell's mother, Joyce Washington, was granted managing conservatorship of the children in 2003.  It appears that Bell did not appeal this decision in state court.

In 2013, Bell, who is proceeding pro se, filed suit in federal district court alleging numerous claims under both federal and state law and seeking, among other relief, full custody of her children and $106,000,000,000 in damages.[2]  Bell filed federal claims pursuant to "42 USC 1983 [sic], The Civil Rights Act of 1984, The Discrimination Act, The False Claims Act, The 'Whistleblower' Act, and Failure to Protect."  She also alleged Defendants–Appellees were

> "negligent," "malicious," acted in "bad faith" and committed and/or "aided and abetted" others in committing one or more of the following acts: failed to properly maintain and monitor our case file; were negligent in destroying, concealing, or tampering with evidence involving our case; failed to conduct a thorough and objective investigation; failed to alert proper authorities of crimes committed to our children "while" in State Custody; failed to properly supervise employee's [sic] and any other State Tort applicable under the Texas Tort Statutory Code.

---

[1] The Texas Department of Protective and Regulatory Services is now known as Children's Protective Services ("CPS").  CPS is a Defendant–Appellee in this appeal.

[2] Bell has previously filed four complaints in federal court, all of which alleged claims arising from the same 2001–03 state court custody proceedings.  Bell's previous complaints named as defendants several of the Defendants–Appellees in the instant case: Cheryl Triplett, Martha Livingston, Richard King, Cheryl McCarty, and Jack Lawrence.  All of Bell's previous complaints were dismissed.

2

The district court, adopting the magistrate judge's Report and Recommendation, dismissed Bell's complaint. The court found that (1) the Eleventh Amendment barred Bell's claims against the Texas Attorney General's Office and CPS; (2) Bell's Whistleblower Protection Act claim failed as a matter of law because Bell was not a federal employee; (3) the statute of limitations barred Bell's § 1983 claim; and (4) declining to exercise supplemental jurisdiction over Bell's state law claims was appropriate here, where the court had dismissed all of Bell's claims under federal law.

On appeal, Bell alleges violations of her First, Sixth, Eighth, and Fourteenth Amendment rights under § 1983. Bell disputes the district court's dismissal of her § 1983 claims on statute of limitations grounds; she argues that CPS and other state officials fraudulently concealed information about the state court judge who assigned custody in her family's case and that this tolls the statute of limitations. Bell also seeks to file a petition pursuant to the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601–10, requesting custody of her children. Finally, Bell asserts a variety of state law claims against Defendants–Appellees.[3]

## II.   JURISDICTION

Bell seeks review of a final judgment of the district court. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III.   STANDARD OF REVIEW

The district court granted Bell leave to proceed *in forma pauperis* ("IFP"). The magistrate reviewed Bell's complaint under 28 U.S.C. § 1915(e)(2)(B), which allows the court, in a case where the plaintiff is

---

[3] Bell claims that (1) CPS failed to protect her children; (2) CPS bullied her and other biological parents; and (3) the State of Texas and CPS lacked jurisdiction to remove her children from the family home. Documents filed pro se are "to be liberally construed," see *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and, applying that principle here, we believe these claims are best construed as claims raising questions of state law.

proceeding IFP, to "dismiss the case at any time if the court determines that . . . the action or appeal—is frivolous or malicious [or] fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(i)–(ii).   The magistrate recommended dismissing Bell's federal law claims for failing to state a claim upon which relief can be granted and as frivolous, and the district court adopted the magistrate's recommendation.

We review a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, using the same standard we use to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted).  "We must assume that the plaintiff's factual allegations are true, and may uphold the dismissal of [the plaintiff's] claims only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."  *Id.*  We review a dismissal of a claim because it is frivolous pursuant to § 1915 for an abuse of discretion.  *Id.*  A plaintiff's IFP complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact.  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory."  *Id.*  (citation and internal quotation marks omitted).

This Court reviews a district court's "discretionary remand of supplemental state law claims for abuse of discretion."  *Giles v. NYLCare Health Plan, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999).

## IV.   DISCUSSION

At the outset, we note that, on appeal, Bell has not pressed several of the claims that she argued before the district court.  Specifically, she has not raised on appeal any claims under "The Civil Rights Act of 1984, The Discrimination Act, The False Claims Act, The 'Whistleblower' Act and Failure to Protect."  While this Court liberally construes briefs of pro se appellants, "we also require that arguments must be briefed to be preserved."  *Yohey v. Collins*, 985 F.2d

No. 13-40687

222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)) (internal quotation marks omitted).  Bell has abandoned the claims that she has not briefed before this Court, and we will only address the issues argued and presented in her brief.[4]  *See id.* at 224–25.

## A. Bell's Claims Under 42 U.S.C. § 1983

Bell has preserved and pressed her claims under § 1983 before this Court.  She argues that the state court custody proceeding violated her rights under the First, Sixth, Eighth, and Fourteenth Amendments.[5]  The district court found that the statute of limitations barred Bell's claims and that no grounds for tolling were argued or existed.

District courts may dismiss claims sua sponte when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citation and internal quotation marks omitted).  Although there is no federal statute of limitations for civil rights violations alleged under § 1983, "courts construing § 1983 'borrow' the forum state's general personal injury limitations period."  *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).  While state law determines the statute of limitations, federal law controls when a cause of action accrues, and it begins to run "from the moment the plaintiff becomes

---

[4] We also observe that Bell did not mention any of the abandoned claims in her notice of appeal.

[5] Bell alleges that (1) CPS violated her First Amendment rights by including the name of God in its lawsuit and choosing where her children attended church; (2) Bell was deprived the right to a speedy trial; (3) Bell was denied the right to confront witnesses against her because CPS relied, in part, on an anonymous call regarding the Bell/Brown children's welfare; (4) removing Bell's children from her custody violated her Eighth Amendment right against cruel and unusual punishment; and (5) various violations of Bell's right to due process, equal protection, and family privacy under the Fourteenth Amendment.

aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987). Federal courts borrow the forum state's equitable tolling principles. *See Rotella*, 144 F.3d at 897.

Texas's general personal injury limitations period is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. As the magistrate judge correctly observed, the factual basis for all of Bell's claims arises from the state court custody and conservatorship proceedings from 2001–03. Thus, the two-year statute of limitations bars Bell's claims unless any grounds for tolling exist.

Bell contends that this Court should toll the applicable statute of limitations. She points out that Defendant–Appellee Suzanne Schwab-Radcliffe, the judge who issued the custody order in Bell's state court case, was working part-time as a family court judge and part-time as a family law attorney at the time Bell's custody proceeding took place. Bell brings to this Court's attention a recent ethics opinion from the Texas Committee on Judicial Ethics, which advises that it would be inconsistent with the Code of Judicial Conduct for a part-time state family court judge to also practice family law part time in that or surrounding counties. Bell claims that CPS and other Defendants–Appellees fraudulently concealed the fact that Judge Schwab-Radcliffe was working as a part-time family court judge and a part-time family law attorney, and, therefore, this alleged fraudulent concealment should toll the statute of limitations.

We find Bell's arguments for tolling the two-year statute of limitations unavailing. For fraudulent concealment to toll the statute of limitations, Bell must prove the Defendant–Appellees: "(1) had actual knowledge of the wrong; (2) had a fixed purpose to conceal the wrong; and (3) did conceal the wrong from the plaintiff." *Doe v. St. Stephen's Episcopal Sch.*, 382 F. App'x 386, 390 (5th Cir. 2010) (quoting *Quigley v. Bennett*, 256 S.W.3d 356, 360–61 (Tex. App.—

No. 13-40687

San Antonio 2008, no pet.); *see also Earle v. Ratcliff*, 998 S.W.2d 882, 888 (Tex. 1999) (discussing fraudulent concealment under Texas law in the medical malpractice context); *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) (discussing fraudulent concealment under Texas law in an oil and gas case). Here, the wrongs Bell complains of all stem from the custody proceedings in state court from 2001–03. Bell repeatedly argues that the fact that Judge Schwab-Radcliffe was working as a part-time family law judge and a part-time family law attorney means the judge "was not a legitimate judge" and renders her decision in Bell's case "invalid." But Bell's conclusory allegations are not sufficient to toll the statute of limitations in this case. Furthermore, although Bell did not learn of the judge's dual roles until 2013, Bell alleges no facts in her brief that any of the Defendants–Appellees intentionally withheld that information from her.

Accordingly, the district court was correct that the two-year statute of limitations bars Bell's claims under § 1983 and that those claims should be dismissed.

## B. Bell's Claims Under the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601–10

Bell also attempts to file a petition pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601–10.[6] Bell alleges that CPS's removal of her children from the family home was an abduction that violated international law. She asks this Court to revoke all state court orders regarding her family.

Bell's claims, however, misunderstand the nature of a petition under ICARA. First, ICARA is meant to address "*international* abduction or wrongful

---

[6] Although Bell did not specifically raise ICARA in her complaint before the district court, she made general allegations of violations of international law, and so we will address the ICARA claim before this Court.

retention of children," not individual disagreements over the merits of a state court conservatorship ruling. *See* 42 U.S.C. § 11601 (emphasis added). Moreover, this Court does not have the authority under ICARA to determine the "merits of any underlying child custody claims." *Id.* Texas courts made the custodial decision in this case, and nothing in ICARA gives this Court jurisdiction to alter the custodial determination of Texas state courts. Thus, Bell's claims under ICARA should be dismissed.

### C. Remaining State Law Claims

Having affirmed the dismissal of all of Bell's federal law claims, the only claims remaining are based on Texas state law. The magistrate judge, in the Report and Recommendation that the district court adopted, declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) to review Bell's state law claims. The court reasoned that, because all of Bell's federal claims had been dismissed, her state law claims could be brought more appropriately in state court. This Court has previously held that a district court has the discretion to "remand supplemental state law claims when it has dismissed the claims that provide the basis for original jurisdiction," and that is exactly what the district court did in this case. *See Giles*, 172 F.3d at 339 (citation omitted). Bell has not argued, nor do we find, any abuse of discretion in the district court's decision not to exercise supplemental jurisdiction.

### V.     CONCLUSION

For the foregoing reasons, we AFFIRM the district court.