

**NUMBER 13-13-00378-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARY LYNN COLLARD,                                                    Appellant,

v.

RAYMOND D. NOAH, ET AL.,                                             Appellees.

## On appeal from the 193rd District Court of
## Dallas County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Garza

Pro se appellant Mary Lynn Collard appeals the granting of appellees' plea to the

jurisdiction and the dismissal of her state law claims and the granting of appellees'

traditional motion for summary judgment as to her federal law claims. Appellees are Raymond D. Noah; Peter Smith; Joe Gorfida; Nichols, Jackson, Dillard, Hager & Smith, LLP; Don Magner; the City of Richardson; and Fuller & Associates, Inc. By five issues, which we re-order and address as two, appellant contends the trial court erred: (1) in granting appellees' plea to the jurisdiction and dismissing her state law claims; and (2) in granting appellees' motion for summary judgment on limitations grounds as to her federal law claims. We affirm.

## I. BACKGROUND[1]

In August 2011, appellant sued appellees and the State complaining of a March 1, 2006 municipal court proceeding involving two 2006 traffic tickets and a jury verdict finding her guilty of 101 housing code violations assessed by the City of Richardson, Texas ("the City") in 2004 and 2005. Appellees are parties involved in the municipal court proceeding, including the City, the City's housing code officer, the municipal court judge, the municipal court attorneys and their law firm, and the court reporter.

On October 5, 2011, the State filed a plea to the jurisdiction on various grounds, including sovereign immunity. The trial court granted the State's plea to the jurisdiction on October 21, 2011. In an interlocutory appeal, appellant appealed the order granting the State's plea to the jurisdiction. The Dallas Court of Appeals affirmed the trial court's order, holding that appellant had not alleged a claim for which immunity had been waived and that her pleadings affirmatively negated any jurisdiction over the State. *See Collard v. State*, No. 05-11-01508-CV, 2012 WL 3711744, at *2 (Tex. App.—Dallas Aug. 29,

---

[1] This appeal was transferred from the Fifth Court of Appeals to this Court pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

2

2012, no pet.) (mem. op.).

On October 31, 2011, appellees filed a joint plea to the jurisdiction and motion to dismiss asserting that the City and the other appellees—all of whom were performing governmental work for the City—were entitled to sovereign immunity. On November 15, 2011, the trial court granted appellees' plea to the jurisdiction as to all of appellant's state law claims, but denied the plea as to appellant's federal law claims.

On November 29, 2011, appellees filed a traditional motion for summary judgment addressing appellant's federal law claims, in which they asserted entitlement to judgment because: (1) appellant's federal claims were barred by limitations; and (2) appellant failed to plead any allegations on which a proper section 1983 or section 1985 claim may be based. *See* 42 U.S.C.A. §§ 1983, 1985 (West, Westlaw through P.L. 113-92). On January 12, 2012, appellant filed a response to the motion, complaining only that the lawsuit was subject to an automatic stay during the pendency of her interlocutory appeal. The interlocutory appeal was disposed of on August 29, 2012. On January 17, 2013, the trial court set appellees' motion for summary judgment for hearing on February 18, 2013.

Prior to the hearing, however, on January 22, 2013, appellant filed an amended petition. As far as we can ascertain, the amended petition contains no additional federal claims that were not included in her original petition and addressed by the motion for summary judgment.[2]

On February 11, 2013, appellant filed a response to appellees' plea to the

---

[2] Appellant asserts the following federal claims: (1) violations of 42 U.S.C. section 1983 (violation of federal rights, including right to fair trial), *see* 42 U.S.C.A. § 1983 (West, Westlaw through P.L. 113-92); (2) violations of 42 U.S.C. section 1985 (conspiracy to violate federal rights), *see id.* § 1985 (West, Westlaw through P.L. 113-92); (3) violations of 42 U.S.C. section 1986 (failure to prevent conspiracy to violate federal rights), *see id.* § 1986 (West, Westlaw through P.L. 113-92); and (4) violations of the Federal Fair Debt Collection Practices Act, *see* 15 U.S.C.A. § 1692k (West, Westlaw through P.L. 113-92).

jurisdiction, in which she argued only that appellees' plea was "moot" because it was directed at her original petition, which had been "superceded." Also on February 11, 2013, appellant filed a separate response to appellees' motion for summary judgment.

The trial court held a hearing on appellees' motion for summary judgment on February 18, 2013. Appellant did not appear at the hearing. The following day, February 19, 2013, the trial court signed an order granting appellees' plea to the jurisdiction and their motion for summary judgment, dismissing all claims against them. Appellant filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

## II. PLEA TO THE JURISDICTION

By her first issue, appellant contends the trial court erred in granting appellees' plea to the jurisdiction.[3]

### A. Standard of Review and Applicable Law

A plea to the jurisdiction challenges the court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). On appeal, we review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction can make two types of challenges: to the pleadings or to the existence of jurisdictional facts. *See id.* at 226–28.

When, as here, a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *City of Waco v. Kirwan*, 298 S.W.3d

---

[3] Appellant characterized this issue as two: "Did the trial court err by granting any plea to the jurisdiction?" and there was "[n]o evidence in support of any 'immunity' defense."

4

618, 622 (Tex. 2009). If the pleadings neither affirmatively demonstrate nor negate jurisdiction, the plaintiff should be given an opportunity to amend the pleadings. *Id.* If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *State v. Lueck*, 290 S.W.3d 876, 884–85 (Tex. 2009); *LTTS Charter School, Inc. v. Palosota*, 352 S.W.3d 202, 207 (Tex. App.—Dallas 2012, no pet.).

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Id.*; *see City of Dallas v. Dallas Black Firefighters Ass'n*, 353 S.W.3d 547, 552 (Tex. App.—Dallas 2011, no pet.). Governmental immunity from suit defeats a trial court's subject-matter jurisdiction, and is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

In general, a municipality is not liable for the acts of its employees unless immunity is waived by the Texas Tort Claims Act. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); *see Eaton v. City of Duncanville*, No. 05-95-00605-CV, 1996 WL 134738, at *3 (Tex. App.—Dallas Mar. 20, 1996, writ denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.0215 (West, Westlaw through 2013 3d C.S.).

"A plaintiff may sue a governmental employee in his official capacity, in an individual capacity, or in both capacities." *Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex.

App.—Austin 2007, no pet.). "In a suit against a person in an official capacity, a plaintiff is actually seeking to impose liability against the governmental unit the sued person represents, rather than on the individual specifically named." *Nueces County v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.). "The suit is, then, in actuality, one against the governmental unit, which is the legal entity that will be held liable for any judgment rendered against the individual sued in an official capacity." *Id.* "On the other hand, a suit against a governmental employee in his individual capacity seeks to impose personal liability on the individual." *McKinney*, 228 S.W.3d at 333. "If an individual is sued in his official capacity, the employee may raise any defense that would be available to his employer, including the defense of sovereign immunity." *Id.*

## B. Discussion

Here, all of the appellees were involved in appellant's municipal proceeding and were employed by or performing work for the City. Raymond Noah was the presiding municipal judge; Don Magner was the City's Director of Community Services; Peter Smith was the City Attorney; Joe Gorfida was the Assistant City Attorney; Nichols, Jackson, Dillard, Hager & Smith was a law firm affiliated with the city attorneys; and Fuller & Associates, Inc. was a court-reporting firm that transcribed appellant's pre-trial proceedings at the City's request. According to our review of appellant's amended petition, it is clear that she sued each appellee in their capacity as an official, an employee, or a representative of the City. In the "Parties" section of her amended petition, she refers to each appellee as "acting under color of law and office." Her allegations as to each appellee all relate to alleged misconduct associated with appellant's March 1,

6

2006 court proceeding. Appellant also alleged that "[a]ll involved with the malicious prosecution are state actors."

We have reviewed appellant's 234-page amended petition. Although we find it difficult to ascertain appellant's arguments, it is not difficult to determine that she has not alleged anywhere in the petition that appellees' governmental immunity was waived by statute. She argues that the State waived any immunity it may have had by permitting the City to prosecute her for the housing code violations in the name of the State. She also argues that the City and the State waived any immunity by "start[ing] the litigation" against her.[4] However, appellant fails to affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See Whitley*, 104 S.W.3d at 542. Accordingly, the trial court did not err in granting appellees' plea to the jurisdiction as to appellant's state law claims. We overrule appellant's first issue.

### III. SUMMARY JUDGMENT

By her second issue, appellant contends the trial court erred in granting appellees' traditional motion for summary judgment as to her federal claims on limitations grounds.[5] In their motion for summary judgment, appellees argued that (1) appellant's claims are barred by limitations; and (2) appellant failed to plead any allegations on which a proper section 1983 or section 1985 claim may be based.

**A. Standard of Review and Applicable Law**

---

[4] Collard made this same argument—that the State, through the City, had waived its immunity by initiating litigation against her—in her interlocutory appeal. *See Collard v. State*, No. 05-11-01508-CV, 2012 WL 3711744, at *2–3 (Tex. App.—Dallas Aug. 29, 2012, no pet.) (mem. op.). The Dallas Court of Appeals concluded that: (1) the City had no authority to waive the State's immunity; and (2) it was undisputed that the suit was not brought by the City or the State and that neither were seeking any affirmative relief against Collard in the trial court. *See id.* We agree with our sister court that Collard's arguments have no merit.

[5] Appellant characterized this issue as two: "Did the trial court err by granting summary judgment on the limitations defense(s)?"; and "Is there any evidence in support of any limitations defense?"

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 157. In a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Joe*, 145 S.W.3d at 157. When, as here, a defendant moves for traditional summary judgment on an affirmative defense, the defendant must conclusively establish each essential element of that affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 835 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe*, 145 S.W.3d at 157.

It is an affirmative defense that a statute of limitations bars a claim. TEX. R. CIV. P. 94. Accordingly, appellees bore the burden of establishing as a matter of law that appellant's claims were time-barred. *See Mitchell*, 376 S.W.3d at 835.

## B.  Discussion

Although appellees' motion for summary judgment was directed at appellant's original petition, it appears that her amended petition makes the same federal claims— all based on alleged misconduct related to her incarceration and trial in 2006 for housing code violations. As summary judgment evidence, appellees attached appellant's original petition and various dispositions of earlier legal proceedings initiated by appellant related to the same matter.

In their motion for summary judgment, appellees argued they were entitled to summary judgment on limitations grounds as to the following claims asserted by appellant: (1) 42 U.S.C.A., section 1983; (2) 42 U.S.C.A., section 1985; (3) 42 U.S.C.A., section 1986; and (4) the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A., section 1692k(d).

"Although there is no federal statute of limitations for civil rights violations alleged under [section] 1983, 'courts construing [section] 1983 "borrow" the forum state's general personal injury limitations period.'" *Bell v. Children's Protective Servs.*, 547 Fed. Appx. 453, 456 (5th Cir. 2013) (quoting *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (internal citations omitted)); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *see Prado v. City of Fredericksburg Police Dept.*, No. A-12-CA-123-LY, 2012 WL 566440, at *2 (W.D. Tex. Feb. 21, 2012), *subsequently dism'd*, 515 Fed. Appx. 262 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 218 (U.S. 2013). "While state law determines the statute of limitations, federal law controls when a cause of action accrues, and it begins to run 'from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Bell*, 547 Fed. Appx. at 456 (quoting *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987)). Texas's general personal injury limitations period is two years. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West, Westlaw through 2013 3d C.S.)).

Appellant argues that her accrual date is August 16, 2010—the date she alleges is "the first date of a favorable 'ruling'" and the date that appellees "terminated at least that much of the on-going criminal conspiracy against [her]." We have examined the August 16, 2010 order issued by the municipal court, attached as Exhibit P-101 to

9

appellant's amended petition. The order states that appellant was sentenced on March 1, 2006 and owes $27,775 in fines, fees, and court costs. The order grants appellant "jail credit in the amount of $20,200" and grants her "community service in the amount of [illegible]." The significance of the August 16, 2010 order is unclear.[6] Nonetheless, we disagree with appellant that her section 1983 claims did not accrue until that date.

All of appellant's complaints involve her alleged mistreatment related to her March 1, 2006 trial for housing code violations. Thus, appellant clearly was aware that she had "suffered an injury" on that date. *See Bell*, 547 Fed. Appx. at 456. Appellant did not file her original petition until August 17, 2011, more than five years later and well outside the two-year limitations period. *See id.* We hold that the trial court did not err in finding that appellant's section 1983 claims were barred by limitations.

Section 1985 of United States Code tile 42 provides a civil remedy to citizens who have been deprived of federally guaranteed rights by conspirators acting under "color of law." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 371 (1979); *see Taylor v. Anderson*, No. A-13-CV-464-LY, 2014 WL 547032, at *3 (W.D. Tex. Feb. 10, 2014). As with civil rights claims brought under section 1983, to determine the applicable statute of limitations period for civil rights actions brought under section 1985, we look to the "general statute of limitations governing personal injuries in the forum state." *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). Under Texas law, civil rights actions brought under section 1985 "are deemed analogous to Texas tort actions" and are subject to a limitations period of

---

[6] Appellant asserts that the August 16, 2010 order was a "dismissal" order "terminating the 101 'housing code' matters in [her] favor." We express no opinion on the significance of the order.

two years. *Helton*, 832 F.2d at 334; *see Anderson*, 2014 WL 547032, at *4; *see als*o Tᴇх. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 16.003(a).

Here, appellant alleged various conspiracies to deprive her of her rights, all involving her pre-trial incarceration, her March 1, 2006 trial, and related matters. As with her section 1983 claims, appellant clearly was aware that she had suffered an injury in March 2006, and her section 1985 claims are also barred by limitations. The trial court did not err in granting summary judgment on appellant's section 1985 claims.

Section 1986 assesses liability against persons who have knowledge of conspiracies listed in section 1985 and neglect or refuse to prevent such conspiracies. *See* 42 U.S.C.A. § 1986. Section 1986 claims are subject to a one-year statute of limitations. *Id.* Appellant also asserted claims under the FDCPA, which has a one-year statute of limitations. 15 U.S.C.A. § 1692k(d). All of appellant's claims were based on injuries that she was aware of since March 2006. Accordingly, the trial court did not err in granting summary judgment on appellant's Section 1986 and FDCPA claims.

Appellant's second issue is overruled.

### IV. Cᴏɴᴄʟᴜsɪᴏɴ[7]

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
19th day of June, 2014.

---

[7] By an additional issue, appellant asks, "Where *does* a party 'convicted' in [the City's municipal court] file [a] Habeas?" (emphasis in original). Appellant appears to request that this Court "order" the municipal court judge and the City "to reconstruct and reinstate the **UNFILED** Habeas Record so that such matter may proceed in the normal course." (emphasis in original). No habeas petition is before this Court. Moreover, we conclude that appellant has provided neither "a clear and concise argument for the contentions made," nor "appropriate citations to authorities and to the record." *See* Tᴇх. R. Aᴘᴘ. P. 38.1(i). Accordingly, appellant has failed to preserve any issue for review. *See id.*