IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-30817
Summary Calendar
_____

VOGEL DENISE NEWSOME,

Plaintiff - Appellant,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;
PATRICIA T. BIVINS; MARVIN L. HICKS; SHARON C. WILLIAMS,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 00-CV-2861
_____

April 22, 2002

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Vogel Denise Newsome ("Newsome") appeals the district court's dismissal of her complaint against the Equal Employment Opportunity Commission and three of its employees (collectively, "EEOC"), for failure to state a claim upon which relief can be granted and for frivolity. Finding that this appeal is frivolous, we DISMISS the appeal and place Newsome on NOTICE that future frivolous appeals may subject her to sanctions.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

I

Newsome was an employee of Christian Health Ministries ("CHM") for approximately one month. CHM fired her, and she filed a charge of discrimination with the EEOC, alleging that she had been discriminated against based on her religion and retaliated against in violation of Title VII of the Civil Rights Act of 1964. The EEOC sent a letter to CHM asking them to respond to the charge. CHM responded to the request by providing documentation that it is a religious organization that is exempt from the religious discrimination provisions of Title VII, pursuant to 42 U.S.C. § 200e-1(a).[1] In a "Dismissal and Notice of Rights" sent to Newsome, the EEOC checked a box indicating that it was dismissing Newsome's charge because "[t]he Respondent [CHM] employs less than the required number of employees or is not otherwise covered by the statutes." In the Dismissal, the EEOC also notified Newsome that she had a right to bring suit in state or federal court against CHM within ninety days of her receipt of the notice.

Newsome filed a *pro se* "Writ of Mandamus," which we treat as a petition, in federal district court against the EEOC and three of its employees. She sought to compel them to further investigate her charge, and to enjoin them "from interfering and depriving her of rights under Title VII . . . and . . . the 14th Amendment to the U.S. Constitution." She alleged that the officials had failed to perform their duties to her and sought review of their actions under the Administrative Procedures

---

[1]The statute provides:

This subchapter shall not apply to . . . a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities.

42 U.S.C. § 2000e-1(a).

Act, 5 U.S.C. § 702. She also alleged that the EEOC and CHM were engaged in a conspiracy to violate her civil rights under 42 U.S.C. § 1985.

The district court granted Newsome's motion to proceed *in forma pauperis*, and referred the case to a magistrate to handle all pre-trial matters "upon consent of the parties" under 28 U.S.C. § 36(c). The EEOC filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. The district court referred this motion to the magistrate under 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that Newsome's claims be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) ("§ 1915") for frivolity and for failure to state a claim upon which relief could be granted. The district court, "after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation filed by the plaintiff," adopted the magistrate judge's report and recommendation. Newsome then filed a "Motion to Stay Proceedings to Enforce a Judgment; Motion to Amend Judgment; and Motion to Set Aside Judgment," which the district court denied. Newsome timely appealed.

II

In her *pro se* brief, Newsome argues that this matter was improperly referred to a magistrate judge without her consent. The first order of reference was to a magistrate judge to "handle all pre-trial matters, including trial and pre-trial proceedings upon consent of the parties pursuant to 28 U.S.C. § 636(c)." Neither party objected at the time, though it appears that neither party specifically consented, either. The only action taken under this order of reference was the issuance of a summons to the defendant. After the defendants moved to dismiss for failure to state a claim, the district court referred this motion to a magistrate judge under § 636(b)(1)(B). After the magistrate judge issued

3

her report and recommendations, in Newsome's objections to the magistrate's report and recommendations, Newsome argued that the reference to the magistrate was improperly made without the parties' consent, as required by § 636(c), and raises this argument again on appeal.

The reference to the magistrate of the defendants' motion to dismiss for failure to state a claim was made under § 636(b)(1)(B). The consent of the parties is not required under this section. This reference was not improper. The prior reference under § 636(c) did require the consent of the parties. To the extent that Newsome did not consent to this reference, any error that resulted was harmless. The only action taken under this reference was the issuance of a summons to the defendants, which did not prejudice Newsome in any way.

III

Newsome also sought a writ of mandamus under 28 U.S.C. § 1361 to compel the EEOC to reopen her case, investigate her charge further and ask particular questions. The district court denied this writ, and dismissed the complaint.

Mandamus is awarded only "in the exercise of a sound judicial discretion." Duncan Townsite Co. v. Lane, 245 U.S. 308, 311 (1917). "A district court's decision not to exercise jurisdiction under the mandamus statute for federal officers, 28 U.S.C. § 1361, is a discretionary one," which is reviewed for abuse of discretion. Franchi v. Manbeck, 972 F.2d 1283, 1289 (Fed. Cir. 1992).

A writ of mandamus is an "extraordinary remedy." Adams v. Georgia Gulf Corp., 237 F.3d 538, 542 (5th Cir. 2001). "Mandamus is not available to review discretionary acts of agency officials." Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984). Further, in order to be granted a writ of mandamus, "[a] plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." U.S. v. O'Neil,

4

767 F.2d 1111, 1112 (5th Cir. 1985) (quoting Green, 742 F.2d at 241).

Here, although Title VII provides that the EEOC "shall make an investigation" of a charge filed, see 42 U.S.C. § 200e-5(b), it does not prescribe the manner for doing so. The EEOC did investigate Newsome's charge, though not to her satisfaction. However, "the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." E.E.O.C. v. Keco Industries, Inc., 748 F.2d 1097, 1100 (6th Cir. 1984) (citing E.E.O.C. v. St. Anne's Hospital, 664 F.2d 128 (7th Cir.1981); E.E.O.C. v. General Electric Co., 532 F.2d 359 (4th Cir.1976); E.E.O.C. v. Chicago Miniature Lamp Works, 526 F.Supp. 974 (N.D.Ill.1981)). Because the nature and extent of the investigation are discretionary, Newsome does not have a "clear right" to a writ of mandamus.

Newsome also is not entitled to the writ because she has another adequate remedy available, i.e. she could file suit in court against her employer. For these reasons, the district court did not abuse its discretion in denying the writ.

IV

The district court also dismissed Newsome's claims under Title VII, the APA, § 1985, and the Fourteenth Amendment. The court dismissed these claims under § 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim, respectively. We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Newsome's *in forma pauperis* complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Id. (citations omitted). We review a dismissal for failure to state a claim under §

5

1915(e)(B)(ii) *de novo*, applying the same standard used to review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). <u>Moore v. Carwell</u>, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted). We must assume that the plaintiff's factual allegations are true, and may uphold the dismissal of Newsome's claims only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. <u>Id.</u> (citations omitted).

First we address Newsome's Title VII claims. Newsome alleges that the EEOC deprived her of her rights under Title VII. To the extent that Newsome is attempting to invoke Title VII as a jurisdictional basis for suing the EEOC, she cannot do so. We have held that Title VII does not confer on a charging party a right of action against the EEOC. <u>See</u> <u>Gibson v. Missouri Pac. Ry.</u>, 579 F.2d 890, 891 (5th Cir. 1978) ("Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. s 2000e-5 Et seq., confers no right of action against the enforcement agency. Nothing done or omitted by EEOC affected [plaintiff's] rights. Their adverse determination could not have precluded, and in fact did not preclude, the present suit by [plaintiff]. The relief sought of further investigation or action by the agency would be meaningless.") Therefore it was proper for the district court to dismiss Newsome's Title VII claims.

Newsome also sought relief under the APA. The APA allows for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). The Supreme Court has addressed the meaning of "final agency action":

As a general matter, two conditions must be satisfied for agency action to be "final":

6

First, the action must mark the "consummation" of the agency's decisionmaking process--it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."

Bennett v. Spear, 520 U.S. 154, 177 (1997) (citations omitted). The EEOC's dismissal of Newsome's complaint did not determine her rights or have legal consequences. It simply ended the agency's investigation of her charge, and notified Newsome of her right to pursue her claim in court. Any final determination would occur in court. Therefore, there is no final agency action here, and no review available under the APA.

Newsome also alleged that the EEOC and CHM engaged in a conspiracy to deprive her of her civil rights, in violation of 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), Appellant must allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws." Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994). Further, to state a § 1985(3) claim, Newsome must allege that the conspirators were motivated by her race. See Slavin v. Curry, 574 F.2d 1256, 1262 (5th Cir.1978), modified on other grounds, 583 F.2d 779 (5th Cir.1978), overruled on other grounds, Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir.1979) (en banc), aff'd 449 U.S. 24 (1980). Newsome has not done so. She seems to complain because the EEOC did not find in her favor on her charge, and she makes extremely vague allegations of a "personal business relationship" between CHM and the EEOC. This simply is not enough to allege a conspiracy.

Finally, Newsome alleges that the EEOC deprived her of her Fourteenth Amendment rights. However, the Fourteenth Amendment applies only to state actors, not federal actors. See Bolling v. Sharpe, 347 U.S. 497, 499 (1954). Newsome therefore cannot bring a Fourteenth Amendment claim

7

against the EEOC or EEOC officials.  Further, the United States and its officials are entitled to sovereign immunity for the civil rights claims brought by Newsome, "because the United States has not consented to suit under the civil rights statutes."  Unimex, Inc. v. U. S. Dept. of Housing and Urban Development, 594 F.2d 1060, 1061 (5th Cir. 1979).

In sum, Newsome's complaint has no arguable basis in fact or law, and no relief could be granted to her under any set of facts consistent with her allegations.  The complaint is frivolous, fails to state a claim, and was properly dismissed.  Newsome's claims are completely without merit, and this appeal is frivolous.

V

Normally, we recognize that a *pro se* plaintiff does not have the same training as an attorney, and accord a *pro se* plaintiff some measure of latitude in her complaint and in the errors she might make.  However, Newsome previously has brought an almost identical complaint against the EEOC, which was dismissed in part for failure to state a claim.  In Newsome v. Equal Employment Opportunity Commission, 1998 WL 792502 (N.D. Tex.) ("Newsome I"), Newsome had filed a charge of race discrimination under Title VII with the EEOC against a former employer, Floyd West & Company ("FWC").  The EEOC investigated the charge, found there to be no violation of Title VII, and issued Newsome a right to sue letter.  Id. at *1.  Newsome sued FWC, and a take nothing judgment was rendered against her.  Five years later, Newsome brought a *pro se* lawsuit against the EEOC, FWC, and Talegen Holdings, Inc. ("Talegen," an affiliate of FWC), alleging that the EEOC failed to investigate the merits of her discrimination charge, and "conspired with FWC and Talegen to deprive her of her civil rights in violation of Title VII, the Fourteenth Amendment to the United States Constitution . . . and 42 U.S.C. §§ 1983 and 1985."  Id. at *1.  The court found that Title VII

8

did not confer jurisdiction over cases brought by an individual against the EEOC as an enforcement agency, and that Title VII does not confer a right of action against the EEOC as an enforcement agency. The court further found that there is no cause of action against federal agencies or officials under the Fourteenth Amendment, and that Newsome had no § 1983 claim because the EEOC officials were not acting under the color of state law, as required for a § 1983 claim. The court also found the EEOC to be entitled to sovereign immunity. The court did not reach the merits of the § 1985 claim, because it was barred by the statute of limitations. The court dismissed Newsome's complaint for lack of subject matter jurisdiction, failure to state a claim and on sovereign immunity grounds. Id. at *5. We affirmed, for the reasons stated in the district court's opinion. See Newsome v. E.E.O.C., No. 98-11381 (5th Cir. June 3, 1999); 182 F.3d 915. The United States Supreme Court denied certiorari. See Newsome v. E.E.O.C., 528 U.S. 917 (1999).

The merits of Newsome's Title VII and Fourteenth Amendment claims were addressed in her prior lawsuit, and are virtually identical to the claims before us. Newsome therefore was on notice that these claims fail to state a claim upon which relief could be granted. Newsome now is on notice that her APA and § 1985 claims also fail to state a claim, and that all her claims are frivolous. This appeal is frivolous as well. We therefore are putting Newsome on NOTICE that if she continues to bring such frivolous appeals in the future, this court will consider sanctioning her pursuant to our inherent sanction powers and our powers to sanction frivolous appeals. See F.R.A.P. 38.

VI

For the foregoing reasons, this frivolous appeal is

DISMISSED.

9