United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20119
Summary Calendar

RICHARD WAYNE JENNINGS

Plaintiff - Appellant

v.

KENT DICKERSON, DENISE BOX, SYLVIA PIASTA, RICHARD C THALER,
RUSSELL TIPPEN, SHERI TALLEY, BRAD CASAL, all in their
individual and Official Capacities

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-395
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:*

Richard Wayne Jennings, Texas prisoner # 820776, appeals the

district court's dismissal of his case brought under 42 U.S.C.

§ 1983.  The district court dismissed Jennings' case under 28

U.S.C. § 1915(e)(2)(B) after determining that Jennings failed to

state a claim on which relief could be granted and that his

allegations lacked an arguable basis in law.  A dismissal of a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted is reviewed *de novo*, applying the same standard used to review a dismissal under FED. R. CIV. P. 12(b)(6). Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002), cert. denied, 123 S. Ct. 660 (2002).

Jennings argues that the district court erred when it granted summary judgment for the defendants. This characterization is erroneous; the district court did not dismiss Jennings' case under FED. R. CIV. P. 56. Jennings' argument that the court erred when it did not consider the evidence in the light most favorable to him was not briefed and is therefore abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Jennings also argues that the district court erred when it determined that he failed to show that the defendants were deliberately indifferent to his serious medical needs. A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (applying Farmer to medical claims).

Jennings did not show that the defendants both knew of and disregarded an excessive risk to his health and safety. Moreover, Jennings' allegations do not show that the defendants

were personally involved in delaying Jennings' requests for treatment.  Accordingly, the judgment of the district court is AFFIRMED.