**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 04-30545
Summary Calendar

———————

RONNIE MAYFIELD,

Plaintiff-Appellant,

versus

TIM WILKINSON; ANGEL MARTIN; PHOEBE TAYLOR; JACK
GARNER; RICHARD STALDER; JOHN DOE, President of C.C.A.;
RICHARD IEYOUB; JOHN DOE, Insurance Agent; NICOLE
SCOTT; MONA HYSE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:02-CV-2380
- - - - - - - - - -

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronnie Mayfield, a Louisiana prisoner at Winn Correctional Center ("WCC"), filed a *pro se*

and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983. Mayfield alleges that

WCC's practices and policies, namely its inadequate library and lack of research facilities, violate his

First Amendment right of access to the courts. Mayfield also complains that his due process rights

were violated when his inmate account was debited for legal supplies and services and when various

prison officials arbitrarily denied or ignored his administrative grievances. The district court

dismissed Mayfield's complaint as frivolous and for failure to state a claim upon which relief may be

granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court reviews dismissals as frivolous

for abuse of discretion and dismissals for failure to state a claim *de novo*. *Newsome v. E.E.O.C.*, 301

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 227, 231 (5th Cir. 2002). Because the district court properly dismissed Mayfield's claim, we AFFIRM its decision.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson,* 257 F.3d 470, 472 (5th Cir. 2001). Even under a *de novo* standard of review, Mayfield fails to establish a constitutional violation with respect to his claims. A prisoner cannot prevail on an access-to-the-courts claim without proving an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-52 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Even if it is assumed *arguendo* that the policies and practices described by Mayfield impinged upon his access to the courts, Mayfield does not establish that prejudice or an actual injury resulted.

In his complaint, Mayfield asserts that "his motions for trial transcript and legal documents ha[ve] been denied, and his post-conviction relief has been denied, because the Court accep[ted] plaintiff['s] application for a writ of review and denied it for not showing . . . factual allegations." This allegation fails to "identify a 'nonfrivolous,' 'arguable' underlying claim" that Mayfield was unable to pursue. *Christopher*, 536 U.S. at 415 (quoting *Lewis*, 518 U.S. at 353, 353 n. 3). In fact, despite repeated opportunities from the district court to amend his pleadings, Mayfield never even described the underlying cause of action.

Mayfield also fails to state a cognizable due process claim. In *Bounds v. Smith*, the Supreme Court held that it is "indisputable" that an indigent inmate must be provided legal supplies and postage at state expense. 430 U.S. 817, 824–25 (1977). However, prisons are permitted to recoup such expenses from funds deposited in the inmate's trust account. *Guajardo v. Estelle*, 580 F.2d 748, 762-63 (5th Cir. 1978).

Mayfield has not established that he is constitutionally entitled to an administrative grievance procedure. No liberty interest exists because WCC's challenged policies do not pose a "significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The judgment of the district court is AFFIRMED. The affirmance of the district court's dismissal of Mayfield's complaint as frivolous counts as a "strike" pursuant to the "three strikes" provision, 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Mayfield is cautioned that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.