IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-40631
Summary Calendar

ANDY L. SMITH

Plaintiff - Appellant

V.

AMERICAN POSTAL WORKERS UNION

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-cv-00347

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Upon his return from active military duty in 2005, Andy Smith sought reemployment with the United States Postal Service. However, disputes arose over his proper employment position, his seniority, and his backpay at the USPS. Smith, a member of the American Postal Workers Union, pursued grievances against the USPS. However, believing that the Union did not fairly represent him in these grievances, Smith changed his target and filed a pro se

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit against the Union and a number of Union members. Smith's third amended complaint claims, in part, breach of the Union's duty of fair representation, violation of the prohibition of political recommendations for employment within the postal service, violation of the National Labor Relation Act, discrimination based on race and sex, and breach of contract.

We review the district court's dismissal of Smith's case de novo.[1] The district court did not err in dismissing the claims against the individual defendants as they were not proper defendants.[2] We also affirm the district court's dismissal of Smith's suit against the Union for failure to state a claim on any of the alleged causes of action because, as stated in the magistrate's report, Smith's complaint is a combination of conclusory allegations and facts, that even when taken as true, are not sufficient as a matter of law to entitle him to relief.[3] In so ruling, the district court, despite Smith's contention to the contrary, considered the affidavits and other documents attached to the complaint, as made clear in the magistrate's report. Smith also claims that the district court erred by refusing to grant his motion to transfer his case to another magistrate for pretrial proceedings. The consent of the parties is not required for a district court to refer a motion to dismiss to a magistrate under 28 U.S.C. § 636(b)(1)(B).[4] Moreover, the magistrate judge generously considered Smith's motion as a

---

[1] Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, 354 F.3d 348, 351 (5th Cir. 2003).

[2] Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-48 (1962) ("When Congress passed [the Labor Management Relations Act], it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy.").

[3] See McConathy v. Dr. Pepper / Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998) ("Dismissal is appropriate 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'") (quoting Rubinstein v. Collins, 20 F.3d 160, 166 (5th Cir. 1994)).

[4] Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002).

motion to recuse under 28 U.S.C. § 144 and did not abuse her discretion in finding no personal bias against Smith.[5] AFFIRMED.

---

[5] U.S. v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986).