# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50839
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2014

Lyle W. Cayce
Clerk

SCOTT MINNICK,

Plaintiff-Appellant

v.

BRITNEY LANE; EVETTE ALEXANDER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-480

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scott Minnick moves to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, Minnick alleged that Britney Lane and Evette Alexander of the Hays County District Clerk's Office violated his First Amendment right of access to the courts and his Fourteenth Amendment right to equal protection by delaying for a week

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50839

service of process in a civil case which he had filed in that district. Minnick also raised state law claims. The district court dismissed the federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the state law claims without prejudice.

Minnick challenges the district court's certification, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Contrary to Minnick's assertion, the district court properly considered his claims under § 1915(e)(2)(B). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002). While an individual's right of access to the courts is protected under the Constitution from unlawful interference by the state, Minnick must still show prejudice to his position as a litigant from the alleged denial of access. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983). Because he has failed to allege such prejudice, he has failed to show that his "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Minnick does not challenge the district court's analysis or rejection of his equal protection claim, or its dismissal without prejudice of his state law claims, and has, therefore, abandoned any challenge to the district court's certification as to these issues. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Minnick has not shown that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP on appeal is DENIED. *See* § 1915(a); *Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

2