# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2016

Lyle W. Cayce
Clerk

ARON BENJAMIN GOINS,

     Plaintiff - Appellant

v.

CITY OF SANSOM PARK; MATTHEW HUDMAN; DOUGLAS HUDMAN; D. LEE THOMAS; RANDY DRIVER; RON DOUGLAS; GREG HUTSON; RICHARD CARR; DANNY ROBERTSHAW; LISA MEARS; AMY KROMER; CHRIS O'BRIEN; JIM BARNETT, SR.; JIM BARNETT, JR.; JAMES AVERITT,

     Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-365

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Aron Goins's claims arise out of a dispute with a neighbor who purportedly encroached on Goins's recently purchased land. Goins alleges certain city officials inappropriately attempted to enforce various code violations concerning that land. Goins asserts federal civil rights claims as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10632

well as state law contract and fiduciary duty claims.  The city officials filed motions to dismiss on immunity grounds[1] and Carr filed a motion to dismiss for failure to state a claim.  The district court referred those motions and other pretrial matters to a magistrate judge.  The magistrate judge issued a recommendation that the motion to dismiss be granted.  After conducting a de novo review of the portions of the magistrate judge's findings and recommendations to which Goins objected, the district court adopted the magistrate's recommendation.

Goins contends that this matter was improperly referred to a magistrate judge without his consent.  This is frivolous.  Consent is needed for a magistrate judge to hear a civil case without any review by the district court, but no consent is needed for a court to refer motions to a magistrate judge when the magistrate judge's rulings will be subject to district court review.  *See* 28 U.S.C. § 636(b)(1); *Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002).

Goins further contends that the magistrate judge should not have stayed discovery pending its ruling on the motions to dismiss.  Such a stay is common when a court is considering an immunity defense.  *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.").  The discovery ruling thus was not an abuse of discretion.  *Brazos Valley Coal. for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d

---

[1] The individual city officials Matthew Hudman, Douglas Hudman, D. Lee Thomas, Randy Driver, Ron Douglas, Greg Hutson, Danny Robertshaw, Lisa Mears, Amy Cromer, Chris O'Brien, Jim Barnett, Sr., Jim Barnett, Jr., and James Averitt asserted official immunity as to the state claims and qualified immunity as to the federal claims.  The city attorney and city prosecutor, D. Lee Thomas, asserted absolute prosecutorial immunity, and the municipal judges, Matthew Hudman and Douglas Hudman, asserted absolute judicial immunity.

No. 15-10632

314, 327 (5th Cir. 2005) (noting that the Court reviews a decision to stay discovery pending a dispositive motion for abuse of discretion).

Goins further contends that the district court erred in not allowing him to amend his complaint for a third time. There is no error in denying leave to amend if the plaintiff has alleged his "best case." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Goins amended his complaint twice and failed to state any claim upon which relief could be granted. We do not see how Goins could have pleaded around the immunity defenses.[2] The district court did not err in denying Goins's request to amend for a third time.

AFFIRMED.

---

[2] Goins claims that Appellee Carr conspired with city officials to prevent him from receiving necessary permits. While Carr could not assert an immunity defense, Goins's claims against him are insufficient to survive dismissal; as the lower court found, Goins failed to plead a necessary element of his conspiracy claim.