# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2018

Lyle W. Cayce
Clerk

WAYNE GORDON,

Plaintiff-Appellant

v.

UNIDENTIFIED PARTIES, John Doe, Jane Doe, XYZ Insurance Company; LACEY LANGINO; MANHEIM MISSISSIPPI,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-8052

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Wayne Gordon appeals the district court's dismissal of his private civil complaint arising out of an attempted purchase of a truck without prejudice for lack of subject matter jurisdiction. He argues that the district court erred in dismissing his complaint for lack of jurisdiction because it had federal question jurisdiction over his claims raised under 42 U.S.C. §§ 1983 and 1985.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30134

He further contends that the district court had diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000; he maintains that the district court failed to consider his allegation that he suffered damages because the defendants' actions prevented him from starting a business.  Further, he contends that 28 U.S.C. § 1915 does not apply to nonprisoners.

"The district court must dismiss [an] action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing FED. R. CIV. P. 12(h)(3)).  A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo. *Wolcott*, 635 F.3d at 762.

Gordon has not identified any error in the district court's determination that he may not raise a claim against the defendants under §§ 1983 and 1985 because they are not state actors.  Thus, he has abandoned the issue. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Nonetheless, the district court did not err in finding that the defendants were not state actors. *See Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).  Gordon did not demonstrate that the defendants' actions allegedly violating his constitutional rights were "fairly attributable to the State." *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Moreover, the district court did not err in holding that it did not have diversity jurisdiction under § 1332(a)(1). *See Wolcott*, 635 F.3d at 762.  Gordon alleged that he suffered damages of $5,900, the amount that he gave to an individual to purchase a truck from the defendants; he also made vague allegations of pain and suffering.  Gordon's vague and conclusional allegations of loss of income are insufficient to establish that the amount in controversy exceeded the $75,000 jurisdictional requirement.

No. 18-30134

Finally, Gordon has not shown that the district court erred in relying on 28 U.S.C. § 1915. *See Newsome v. EEOC*, 301 F.3d 227, 230, 233 (5th Cir. 2002); *Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997).

Gordon's appeal has no arguable merit and is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.