# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2019

No. 18-31068
Summary Calendar

Lyle W. Cayce
Clerk

SHANTA G. PHILLIPS-BERRY,

Plaintiff - Appellant

v.

LOUISIANA STATE; PATRICIA BLACKWELL SCURLOCK,

Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-6037

Before JONES, HIGGINSON, and WILLETT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

In June 2018, Shanta G. Phillips-Berry sued the State of Louisiana and Patricia Blackwell Scurlock under 42 U.S.C. § 1983. Phillips-Berry, who proceeded in district court and remains *in forma pauperis* and *pro se*, alleges that she is the victim of a wide-ranging conspiracy involving "sexual assaults, burglaries, and other violations." She accuses the defendants of using various public and private entities—including the Louisiana Social Security

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31068

Administration, the Military, the Jefferson Parish School System, AT&T, Medicare, Ochsner Hospital, Wal-Mart, Facebook Inc., and Uber Technologies, Inc.—to perpetuate "civil rights violat[ions]" and "criminal acts."

Phillips-Berry traces the origin of the conspiracy to "an accident" that occurred on September 24, 2010, in Kenner, Louisiana while Phillips-Berry was working as an Operation Manager for Space Walk Inc. According to the complaint, Phillips-Berry was leaving a "repair location" (where she had been sent by Defendant Scurlock, the owner of Space Walk Inc.) when "Kenner Police were called" and a "fraudulent report" was made. Thereafter, according to the complaint, "[t]his case turned into a conspiracy causing people to commit felonies, burglaries, sexual assault, thieves [sic], and other hateful crimes." Phillips-Berry explains that when she visited a doctor, "a device was implanted in [her] body that causes pain." She specifies:

> This device is used and controlled by the use of an application installed on handheld devices. The pain is used by [the] participant installing the software witch [sic] allow[s] pain to flow throughout my body.

Phillips-Berry also asserts that her "home has been broken into on several occasions, Kenner police reports have been altered, food and water in [her] residence has been tamper[ed] with, and [she has] been placed in the mental hospital with NO findings."

On July 23, 2018, the State of Louisiana moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The State invoked the Eleventh Amendment's doctrine of sovereign immunity, arguing that Congress has not abrogated the states' Eleventh Amendment immunity as to § 1983 claims and the State of Louisiana has not waived such immunity. Two weeks later, the district court granted the motion.

No. 18-31068

While the State's motion was pending, Phillips-Berry filed a Motion to Reinstate Social Security Payments, a Motion to Release Information that Controls Device, and a Motion to Reinstate Food Stamps.

On September 7, 2018, the district court issued an order requiring Phillips-Berry to seek leave of court before filing anything additional into the record. The order invited Phillips-Berry to show cause as to why her filing privileges should not be restricted. In response, Phillips-Berry urged that she "has been seeking justice while being attacked by Defendants daily." Among other new allegations, she alleged "the installment of a tracking and camera[] devices on vehicle," "fraudulent insurance claims," and that the "funding to pay participants . . . came from [the BP] Gulf Coast Oil Spill in 2009.

On September 18, 2018, the district court dismissed the complaint, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1] Under that statutory provision, a court "shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious." Phillips-Berry timely appealed the dismissal of her case.

Phillips-Berry's appellate brief names the "painful mind reading platform device," "treason," "corruption," and "government Insurance fraud," among other things, as features of the "conspiracy" that continue to torture her. She requests that this court "take actions and responsibility to reverse these criminal activities throughout this country's justice system."

"We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). A complaint may be dismissed as frivolous under this subsection if it "has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir. 1998). The Supreme Court has cautioned that

---

[1] The district court's order denied Phillips-Berry's three aforementioned motions as moot.

3

No. 18-31068

dismissal is inappropriate if a court simply finds the plaintiff's factual allegations "unlikely" to be true. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Rather, the claims must "rise to the level of the irrational or the wholly incredible." *Id.*

We find no abuse of discretion in the district court's determination that Phillips-Berry's complaint satisfied the above criteria. With sympathy for suffering that Phillips-Berry appears to be experiencing, we cannot comprehend any cognizable request for legal relief.

AFFIRMED.