# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2022

No. 21-30061
Summary Calendar Opinion

Lyle W. Cayce
Clerk

Jane Doe,

*Plaintiff—Appellant*,

*versus*

The City of Baton Rouge; Baton Rouge Police
Department; James Weber; Charles Dotson; Stephen
Murphy, et al,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-514

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Jane Doe, proceeding pro se, IFP, and under a pseudonym, appeals the dismissal of her civil rights suit as frivolous. She argues that the "Middle District of Louisiana and its judges have been harboring hostility towards

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30061

Appellant; that all their rulings, reports, opinions, and orders are violative of the law and tainted with actual prejudice against Appellant; that all their rulings must be reversed as they are erroneous as a matter of law; that it is unconstitutional for any judge of Middle District of Louisiana to handle any matter where Appellant is a party." Doe requests declaratory relief stating that the handling of her cases by the Middle District of Louisiana is unconstitutional.

Doe filed her complaint in the Middle District of Louisiana in August 2020; she then filed an amended complaint in late September. The magistrate judge held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) on November 18, 2020,[1] and issued a report on January 5, 2021, recommending (1) that Doe's federal claims be dismissed with prejudice as they are "either factually and/or legally frivolous"; (2) that Plaintiff be denied leave to amend as "she has already filed one amended complaint and future attempts would not cure the defects"; and (3) that supplemental jurisdiction over the state law claims be declined. The district court adopted the magistrate judge's report, noting that though Plaintiff objected to the report because it recommended dismissal of her claims based on 28 U.S.C. § 1915(e), it was not true that § 1915 applied only to prisoners, and additionally that "this Court has the inherent power to screen a pleading for frivolousness." The district court accordingly dismissed with prejudice Doe's federal claims and dismissed without prejudice her state law claims. Doe timely appealed. We review the dismissal for abuse of discretion. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).

---

[1] The hearing was originally scheduled for September 16, 2020, but was rescheduled pending an ultimately unsuccessful mandamus petition initiated by Doe, wherein she challenged the setting of the *Spears* hearing.

Doe argues, as she argued in the district court, that the provisions of § 1915 apply only to prisoners. However, "Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." *James v. Richardson*, 344 Fed. App'x 982, 983 (5th Cir. 2009) (per curiam) (unpublished) (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002)); *see also Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (unpublished).

Doe also argues that the Middle District of Louisiana is unlawfully sabotaging her because she no longer wishes to proceed IFP and yet has been prevented from paying a filing fee. Yet both the magistrate judge's recommendations and the district court's order dismissing her claims under § 1915 concluded in the alternative that her claims would be dismissed even if she had paid the fee.[2]

Construed liberally, Doe's main argument against dismissal of her claims is that the statute of limitations has not yet begun to run because the conspiracy against her continues where the "Middle District of Louisiana blocked Appellant's access to courts and made it impossible for Appellant to prosecute her action." We find this claim to be without merit. Doe does not otherwise explain how a second amended complaint would cure the defects still present in her first amended complaint.

Finally, although we liberally construe the briefs of pro se litigants, arguments must be briefed in order to be preserved. *See* Fed. R. App. P.

---

[2] Though Doe also argues that the magistrate and district judges were biased for grossly misapprehending the facts of her complaint and misapplying the law to the facts, we note that a judge's adverse rulings against a plaintiff, without more, are insufficient to show judicial bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, having examined the recommendation, the order, and the amended complaint, we find no merit to Doe's claims that the lower courts engaged in "unseeing" her true allegations.

No. 21-30061

28(a)(8)(A); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, to the extent Doe attempts to "incorporate[] by reference" her arguments in the district court, such briefing is insufficient. *See United States v. Abdo*, 733 F.3d 562, 568 (5th Cir. 2013).

Doe fails to present any non-frivolous arguments on appeal. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).