# United States Court of Appeals
# for the Fifth Circuit

———————————

Summary Calendar
No. 23-10445

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

GREGORY IFESINACHI EZEANI,

*Plaintiff—Appellant*,

*versus*

MELINDA H. REAGAN, *President of Amberton University*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2015

———————————————————————

Before STEWART, DENNIS, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Gregory Ifesinachi Ezeani, proceeding pro se, appeals the district court's dismissal of his suit against Defendant-Appellee Melinda Reagan, the president of Amberton University, for violations of the Fifth, Eighth, and Fourteenth Amendments in refusing to award him a second graduate degree. After obtaining a Master of Science degree in Agile

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10445

Project Management (APM), Ezeani attempted to apply APM degree credits toward a second degree, but Amberton University did not award Ezeani the second degree, maintaining he did not satisfy the requirements. The district judge referred the case to a magistrate judge, who, construing Ezeani's claims as brought under 42 U.S.C. § 1983, recommended dismissing the suit for failing to allege Reagan, as president of a private university, acted under color of state law as required by § 1983. Ezeani filed objections, and the district judge overruled the objections; adopted the findings, conclusions, and recommendations of the magistrate judge; and dismissed the case.

We review a district court's ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo* and must determine whether the pleaded facts state plausible claims that are cognizable in law. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "pro se complaints are held to less stringent standards" than those drafted by a lawyer, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (first quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); and then quoting *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

As an initial matter, Ezeani argues this matter was improperly referred to a magistrate judge without his consent. Referral of a motion to dismiss for failure to state a claim is made under 28 U.S.C. § 636(b)(1)(B), and consent of the parties is not required under this subsection. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

Turning to the merits, § 1983 imposes liability only on those who interfere with federal rights while acting under color of state law, meaning

2

No. 23-10445

their allegedly wrong action is "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). On appeal, Ezeani argues Reagan acted under color of state law, even though she is president of a private university, because education is a traditional public function and Texas licensed Amberton University to operate as a private university. However, the Supreme Court has rejected similar arguments, holding a private high school did not act under color of state law simply by participating in the field of education because education is not "traditionally the *exclusive* prerogative of the State." *Id.* at 842 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). The Court also held the fact that the private school was subject to state regulations did not make the school a state actor because the challenged action was "not compelled or even influenced by any state regulation." *Id.* Ezeani's arguments fail for the same reasons here.

AFFIRMED.