# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40070
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2024

Lyle W. Cayce
Clerk

Matthew Jones,

*Plaintiff—Appellant*,

*versus*

Orange Texas Police Department; Jasper Police
Department; Texas Highway Patrol,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-447

———————————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Matthew Jones, proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Jones's complaint, filed in December of 2023, alleges that various law enforcement officials raped him between June and July of 2000. The magistrate judge recommended Jones's suit be dismissed as frivolous

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under § 1915(e)(2)(B) because his state-law diversity claims were barred under Texas's five-year statute of limitations.[1]  The district court adopted the magistrate judge's report and recommendation, and overruled Jones's non-responsive objections.  The court subsequently denied Jones's motion for reconsideration.

The district court did not abuse its discretion in dismissing Jones's complaint as frivolous because his claims are time barred.[2]  On appeal, Jones does not dispute the applicability of the five-year limitations period under Texas law or that his claims are time-barred.  Instead, he maintains that Defendants are not entitled to immunity and that the district court had both diversity and federal question jurisdiction over his complaint.  Although we liberally construe *pro se* briefs, "we also require that arguments must be briefed to be preserved."[3]  Jones's arguments on appeal are not only inadequately briefed, but also fail to identify any error in the district court's

---

[1] The magistrate judge correctly held that although Jones's complaint alleges federal question jurisdiction under 42 U.S.C. § 1983 for violations of the First and Eighth Amendments and 10 U.S.C. § 920, those causes of action were "inapplicable."  As it pertains to Jones's § 290 claim, the magistrate judge held that statute was inapplicable because it only applies to individuals in the armed forces.  As it pertains to Jones's § 1983 claims, the magistrate judge concluded that Jones's allegation that Defendants continuously raped him in violation of his First Amendment "rights to freedom of speech and freedom of press," was insufficient, by itself, to explain what rights under the First Amendment Defendants specifically violated.  Finally, the magistrate judge held that Jones's allegation that Defendants violated his Eighth Amendment right against cruel and unusual punishment, as defined in *Estelle v. Gamble*, 429 U.S. 97 (1976), was inapplicable because Jones was neither a criminal defendant nor incarcerated.  Because Jones failed to meet his burden to establish the court's subject matter jurisdiction under 28 U.S.C. § 1331, the magistrate judge construed Jones's complaint broadly as invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.

[2] *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) ("We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion.").

[3] *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

holding that his claims are fourteen years too late under the relevant statute of limitations. Thus, it is "the same as if he had not appealed that judgment."[4] Accordingly, we AFFIRM.

---

[4] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).