# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50229
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

Charles Bonner,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *in his individual and official capacity as Executive Director of Texas Parole Board*; Texas Parole Board; Texas Department of Criminal Justice - Institutional Division,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-119

————————————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Charles Bonner, proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Bonner's complaint

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50229

alleges Bryan Collier, the Executive Director of the Texas Parole Board, the Texas Parole Board, and the Texas Department of Criminal Justice (collectively "Defendants"), violated Bonner's civil rights by imprisoning him and placing him on parole based on his wrongful 1980 burglary conviction.

The magistrate judge recommended that Bonner's complaint be dismissed as frivolous under § 1915(e)(2)(B)(i) because it was duplicative of an unsuccessful § 1983 lawsuit Bonner previously filed in which he "asserted the same claims against the same defendants." The magistrate judge additionally recommended that Bonner's motion for a temporary restraining order and preliminary injunction be dismissed as moot. The district court adopted the magistrate judge's report and recommendation, and overruled Bonner's objections.

The district court did not abuse its discretion in dismissing Bonner's complaint as frivolous because Bonner had previously filed a nearly-identical lawsuit that was dismissed with prejudice.[1] "[I]n forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff."[2] As detailed by the magistrate judge, Bonner previously filed a § 1983 complaint in the Southern District of Texas against Defendants, as well as two state court judges, challenging his prior conviction and parole.[3] The district court in the

---

[1] *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) ("We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion.").

[2] *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)).

[3] *Bonner v. Gayle*, No. 4:21-CV-3855 (S.D. Tex. Jan. 20, 2022), *aff'd*, *Bonner v. Gayle*, No. 22-20105, 2022 WL 16549207 (5th Cir. Oct. 31, 2022) (per curiam)

No. 24-50229

previous case dismissed Bonner's complaint with prejudice after concluding his claims were barred by *Heck v. Humphrey*.[4]  This Court affirmed that dismissal in 2022.[5]

On appeal, Bonner does not dispute that the present lawsuit is duplicative of his previously dismissed § 1983 suit.  Instead, he recounts his allegations about errors related to his past conviction and sentence.[6]  Thus, Bonner has not shown that the district court abused its discretion in dismissing his complaint.

Accordingly, the judgment of the district court is AFFIRMED.

_____

(unpublished).  The magistrate judge additionally noted that Bonner had raised similar claims against Defendants in another suit he filed in 2007.

[4] 512 U.S. 477 (1994).

[5] *Bonner*, 2022 WL 16549207, at *1.

[6] Bonner's brief does assert that the district court "erred by relying on the Heck Rule and Immunity laws."  As explained above, the district court did not dismiss Bonner's suit because it was barred by *Heck*, but because it was duplicative of a previously dismissed lawsuit brought by Bonner.