# United States Court of Appeals
# for the Fifth Circuit

―――――――――――

No. 24-10327
Summary Calendar

―――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

Asem Farooq,

*Plaintiff—Appellant*,

*versus*

Donna Bolt; Lynette Bowles; Yaro Abdul,

*Defendants—Appellees*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-120

―――――――――――――――――――――――――

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Asem Farooq, pro se, sued his former employer for employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) and the Uniformed Services Employment and Reemployment Rights Act (USERRA). The district court dismissed Farooq's complaint for failing to exhaust his administrative remedies and for failing to state a claim upon

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

which relief can be granted. Farooq now appeals that judgment. We AFFIRM.

## I.

On February 20, 2024, Farooq sued Donna Bolt, Lynette Bowles, and Abdul Yaro, his managers at his former place of employment, for discrimination under Title VII and USERRA. Farooq alleged discriminatory acts of termination, unequal terms and conditions, and retaliation that occurred on October 15, 2019. He further alleged that he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on November 1, 2019, and that the EEOC issued him a right to sue letter on September 17, 2021. The district court granted Farooq in forma pauperis (IFP) status.

On March 6, 2024, a magistrate judge recommended that the district court dismiss the case. Specifically, the magistrate judge found that Farooq: (1) failed to comply with the 90-day time limit to file suit after receiving a right to sue letter from the EEOC; and (2) failed to state a claim under the USERRA. The district court adopted the magistrate judge's recommendation and dismissed the case with prejudice. Farooq now appeals that judgment.

## II.

We review de novo a district court's dismissal for failure to state a claim. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.

No. 24-10327

On appeal, Farooq challenges the dismissal of his USERRA claim.[1] USERRA prohibits employment discrimination against individuals based on service in a uniformed service. Farooq's complaint, however, does not allege any USERRA violation. He merely lists the statute as a basis of jurisdiction without further specificity or factual support. Accordingly, Farooq did not sufficiently allege a USERRA violation above the speculative level. *See Twombly*, 550 U.S. at 555. Consequently, the district court properly dismissed this claim.

Farooq also requests that the magistrate judge recuse himself and that his case should be transferred within the Northern District of Texas from the Fort Worth Division to the Dallas Division or, alternatively, to the District Court for the District of Columbia. Because we affirm the dismissal of Farooq's claims, we decline to address these requests.

## IV.

In sum, Farooq failed to state a claim for relief under USERRA, and the judgment of the district court is, therefore, in all respects,

AFFIRMED.

---

[1] Farooq does not challenge or brief the dismissal of his Title VII claims. Consequently, he has waived appellate review of those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).