# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50778
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

Ahmad Lafta,

*Plaintiff—Appellant*,

*versus*

Williamson County Justice of the Peace 1; Jose Del Carmen Santiago Servin; Lonestar Managing General Agency; Paul Hernandez, *Patrol Officer*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-528

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Ahmad Lafta, appearing pro se and in forma pauperis, appeals dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Finding no abuse of discretion, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50778

In 2022, Lafta was rear-ended in traffic. Litigation ensued before the Williamson County Justice of the Peace 1. Lafta alleges the litigation inexplicably stalled and asks the federal district court to "expedite" it, asserting a due-process claim under 42 U.S.C. § 1983.[1] In addition to the office of the Justice of the Peace, Lafta named as defendants Jose Servin, the driver who allegedly rear-ended him; Paul Hernandez, the investigating patrol officer who allegedly issued Servin a warning in lieu of citation; and Lonestar Managing General Agency, Lafta's alleged auto-insurance agent.

When filing suit in the district court, Lafta sought permission to proceed in forma pauperis. The district court granted the request but also reviewed the complaint under 28 U.S.C. § 1915(e), and concluded the complaint was frivolous.[2] It dismissed the case without prejudice and directed Lafta to state court, noting that federal courts rarely interfere in ongoing state-court litigation. Lafta timely appealed. We review for abuse of discretion.[3]

The only action by a defendant that Lafta complains of is the judicial officer. The other defendants have no role in the pace at which the litigation has proceeded. Lafta provides no reason this Court can interfere in the state court proceeding. He is relegated to state appellate court for review of any rulings by the Justice of the Peace. AFFIRMED.

---

[1] Lafta cites only "Civil Rights – Act – 42 U.S.C. 1982" as the basis for his complaint. We liberally construe pro se complaints, so treat Lafta's as one for deprivation of constitutional rights under 42 U.S.C. § 1983. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[2] Lafta's brief reflects a misunderstanding that the district court entered summary judgment against him. His complaint was not dismissed on summary judgment but under 28 U.S.C. § 1915(e)(2)(B)(i), which provides as to complaints filed in forma pauperis that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious[.]"

[3] *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).