# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2024

Lyle W. Cayce
Clerk

———————

No. 24-40194

———————

Woodrow J. Jones, Sr.,

*Plaintiff—Appellant*,

*versus*

Grapeland Independent School District; Don Jackson, *Individually and in his/her official capacity*; Kristi Bell, *Individually and in his/her official capacity*; Brad Spisak, *Individually and in his/her official capacity*; David Maass; Equal Employment Opportunity Commission; Susana Nahas, *Investigator*; Deidra Henry, *Investigator*; Elizabeth Porras; Travis M. Nicholson; James Martin; Josh Goolsby; Tim Howard; Chance Huff; Allen Cheatham; Ryan Richie; Melissa Cobb; Kendra Huff; Ligita D. Landry,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:23-CV-59

———————————————————————

Before Smith, Clement, and Higginson, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40194

After Woodrow Jones was fired from his job at Grapeland Independent School District ("GISD"), he filed a "shotgun pleading"[1] asserting a litany of claims against GISD, several GISD employees, and the Equal Employment Opportunity Commission ("EEOC") and several employees in their official capacity. The district court dismissed Jones's claims in full. Because the EEOC and its employees are immune from suit in their official capacity, and because Jones does not otherwise explain how the district court erred, we affirm.

\* \* \*

Jones is an African American man whom GISD hired as a substitute teacher around August 2018. He received several promotions during his first three years with GISD, serving as a behavior specialist from 2019-2020 and as Dean of Students from 2020-2021. But, when he arrived for the start of the 2021-2022 school year, to his surprise, he had been demoted to Truancy Officer.

Following his demotion, Jones met with the GISD Superintendent, filed an employee complaint with the Board of Trustees, and was ultimately fired from GISD. Jones, upset with his firing, then filed a second complaint with the same Board contesting his termination. The Board held a hearing but dismissed this complaint too.

Less than one year later, on March 22, 2023, Jones commenced this *pro se* lawsuit against GISD and several GISD employees for wrongful termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

---

[1] A "shotgun pleading" is a pleading with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

*seq.* [2] Jones amended his complaint to add the EEOC and several employees in their official capacity as additional defendants. Jones seeks their representation in his Title VII claim against GISD.

Construing Jones's amended complaint liberally, the Magistrate Judge found that Jones had raised a long list of charges against GISD and its employees.[3] And he raised one charge against the EEOC under Title VII—that the EEOC had failed to file suit on his behalf against GISD after he reported his Title VII dispute.

The GISD employees moved to dismiss for want of subject-matter jurisdiction over Jones's breach-of-contract claim and for failure to state a claim, and later, GISD moved to dismiss on the same grounds. The EEOC defendants moved to dismiss any Title VII claim for lack of a right of action and moved generally to dismiss on the grounds of sovereign immunity and failure to state a claim.

On February 16, 2024, the Magistrate Judge issued his Report and Recommendation, which recommended that the district court dismiss all claims. Jones objected. The district court rejected Jones's objections, adopted the Magistrate Judge's recommendation in full, and dismissed Jones's suit with prejudice. Jones timely appealed. [4]

---

[2] All GISD appellees but Chance Huff executed waivers of summons. Huff never waived service, nor did he appear before the district court, nor did Jones properly serve him. Huff is not properly before this court. We accordingly dismiss this appeal as to him.

[3] These claims include (1) breach of contract; (2) discrimination, retaliation, harassment, hostile work environment, and wrongful termination under Title VII; (3) violation of the ADA; (4) violation of the ADEA; (5) violation of the VRA; (6) discrimination under 42 U.S.C. § 1981; (7) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; and (8) constitutional claims under the First, Fifth, Tenth, and Fourteenth Amendments.

[4] The only record of events is from the amended complaint. Although it is unclear whether the defendants dispute this telling of events, that does not affect our analysis, given

We begin with Jones's opening brief.[5] "We liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). Nonetheless, *pro se* litigants "must still brief the issues and reasonably comply with the standards" of the Federal Rules of Appellate Procedure. *Id.* "It is not enough to merely mention or allude to a legal theory. . . . [A] party must 'press' its claims" and "[a]t the very least[] clearly identify[] a theory as a proposed basis for deciding the case."[6] A party who fails to do so may forfeit his claims on appeal unless he shows that non-compliance does not prejudice the opposing party.[7]

Liberally construing Jones's brief, we discern two arguments for appeal—that the district court (1) improperly granted EEOC's motion to dismiss for lack of subject-matter jurisdiction and (2) improperly denied Jones's request for default judgement. By failing to properly brief his arguments properly, Jones has waived appeal of his remaining claims against GISD and its employees.[8]

---

that the district court dismissed on Federal Rule of Civil Procedure 12(b)(1) and (6) motions, for which courts "accept[] all well-pleaded facts as true." *Rios v. City of Del Rio*, 444 F.3d 417, 420 (5th Cir. 2006) (quoting *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 (5th Cir. 1990)).

[5] *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (citing *Knatt v. Hospital Serv. D. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 483 (5th Cir. 2009) ("We look to an appellant's initial brief to determine the adequately asserted bases for relief.").

[6] *Id.* at 446–47.

[7] *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (per curiam) ("This Court has discretion to consider a noncompliant brief, and it has allowed *pro se* plaintiffs to proceed when the plaintiff's noncompliance did not prejudice the opposing party.") (citations omitted).

[8] First, Jones's opening brief does not comply with the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 28(a)(6). Second, Jones does not address how the district court erred or on what grounds it erred. *See Legate v. Livingston*, 822 F.3d 207, 211

We review dismissals for lack of subject-matter jurisdiction *de novo*. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted). So, we "presume that a suit lies outside [its] limited jurisdiction", and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[9]

Jones has not met his burden. First, Jones cannot invoke Title VII as a jurisdictional basis for suing the EEOC or its employees in their official capacity. *Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002). Second, Title VII does not waive sovereign immunity for claims for representation against the EEOC. *Id.* at 233.

In a previous case, Jones filed an almost identical appeal against the EEOC contesting the district court's dismissal.[10] In that case, we held that the district court properly dismissed his claims for lack of subject-matter jurisdiction because Title VII cannot serve as a "jurisdictional basis for suing the EEOC or its employees in their official capacities."[11] The same reasoning applies here. The district court thus correctly dismissed Jones's claims for representation against the EEOC for lack of subject-matter jurisdiction.

In addition, since the district court granted the EEOC defendants an

_____

(5th Cir. 2016) (holding the mere mention of a claim, without explaining how the district court erred, does not adequately address the argument on appeal and is waived). And third, GISD and its employees aver that they were prejudiced by Jones's sparse brief. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

[9] *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)).

[10] *See Jones v. EEOC*, No. 21-10914, 2021 WL 5444736, *1 (5th Cir. Nov. 19, 2021) (unpublished).

[11] *Id.* at *2.

extension to answer the complaint, they were not in default, and the district court properly denied Jones's motion for default judgment.[12]

Accordingly, we AFFIRM.

_____

[12] *See* FED. R. CIV. P. 55(a).